IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

───────────────────────────────────────────────

PATRICK GREER and
TRACEY GREER,                          )
                                       )
    Plaintiffs,                        )
                                       )
v.                                     )      No. 21-2474-MSN-tmp
                                       )
WASTE CONNECTIONS OF                   )
TENNESSEE, INC.,                       )
PATRICK E. WATT, and                   )
JOHNS/JANES DOE 1-5,                   )
                                       )
    Defendants.                        )

───────────────────────────────────────────────

ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL AND DENYING
DEFENDANTS' MOTION FOR PROTECTIVE ORDER

───────────────────────────────────────────────

Before the court by order of reference are two motions. First is plaintiffs Patrick and Tracey Greer's Motion to Compel Insurance Policies, filed on April 14, 2022. (ECF No. 38.) Second is defendant Waste Connections of Tennessee's Motion for Protective Order, filed on April 28, 2022. (ECF No. 41.) The Motion for Protective Order was filed partly in response to Greer's Motion to Compel, which defendants responded to on the same day. (ECF No. 42.) Plaintiffs responded to defendants' motion and filed a reply to defendants' response on May 2, 2022. (ECF Nos. 43-44.) For the below reasons, the plaintiffs' Motion to Compel is GRANTED and the defendants' Motion for Protective Order is DENIED.

I.    BACKGROUND

This is a personal injury case in which the plaintiffs allege that Patrick Greer was injured in a "catastrophic vehicular-collision that left [him] with a brain injury." (ECF No. 38 at 1.) Plaintiffs filed the complaint on July 19, 2021, alleging diversity jurisdiction and at least $450,000 in damages. (ECF No. 1.)

As the case progressed, the parties began their initial disclosures. On December 8, 2021, plaintiffs' counsel emailed defendants' counsel regarding "several issues" with their initial disclosures. (ECF No. 38-2 at 10.) Of relevance to this motion, plaintiffs' counsel noted that defendants had identified only one liability insurance policy, for $7.5 million, but not produced the policy itself. (Id.) Plaintiffs' counsel also asked for clarification about whether this was the only insurance agreement "that may be available to satisfy all or part of a possible judgment[.]" (Id.) On December 22, 2021, defendants' counsel emailed over "the dec page of our client's primary responding business policy" and stated that the client "indicated that there was an excess tower of coverage" for which they had not yet received documentation. (Id. at 2.) Later that day, plaintiffs' counsel indicated that they found this production deficient, stating that "the rule does not provide for production of the dec page, it requires production of the insurance agreement[.]" (Id. at 1.) Counsel further stated that if the "tower" coverage was not

produced within ten days that they would file a motion to compel. (Id.)

That motion to compel was ultimately filed on April 14, 2022. (ECF No. 38.) Based on the briefing, it appears that defendants ultimately produced the entire primary policy but have refused to produce any further policies based on their interpretation of Rule 26's initial disclosure requirements. Defendants have also moved for the court to enter a protective order should the policies be ordered produced, arguing that it is in the "best interest of all parties involved as it will protect proprietary information of the Defendants and the medical and financial interests of the Plaintiffs." (ECF No. 41 at 2.)

## II.  ANALYSIS

### A.  Scope of Discovery

The scope of discovery is governed by Federal Rule of Civil Procedure 26(b)(1), which provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). The party seeking discovery is obligated to demonstrate relevance. Johnson v. CoreCivic, Inc., No. 18-CV-1051-STA-tmp, 2019 WL 5089086, at *2 (W.D. Tenn. Oct. 10, 2019). Upon a showing of relevance, the burden shifts to the party opposing discovery to show, with specificity, why the requested discovery is not proportional to the needs of the case.

William Powell Co. v. Nat'l Indem. Co., No. 1:14-CV-00807, 2017 WL 1326504, at *5 (S.D. Ohio Apr. 11, 2017), aff'd sub nom. 2017 WL 3927525 (S.D. Ohio June 21, 2017), and modified on reconsideration, 2017 WL 4315059 (S.D. Ohio Sept. 26, 2017). Six factors are relevant to proportionality: (1) "the importance of the issues at stake in the action;" (2) "the amount in controversy;" (3) "the parties' relative access to relevant information;" (4) "the parties' resources;" (5) "the importance of the discovery in resolving the issues;" and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

**B.   Motion to Compel**

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires that parties must automatically provide "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Plaintiffs argue that "Rule 26 requires the disclosure of excess and umbrella insurance policies" beyond a single policy that could cover all of a plaintiffs' claimed damages. (ECF No. 38 at 2) (quoting Miller v. Tiger Style Corp., No. 2:18-cv-02275-SHL-dkv, 2018 WL 6566553, at *4 (W.D. Tenn. Nov. 7, 2018)). They further state that the "tower" of excess coverage described by defendants' counsel falls within the required production. (ECF No. 38 at 3.) Defendants disagree,

-4-

stating instead that "they have produced sufficient insurance coverage to satisfy [plaintiffs'] claim many times over" and that they would nevertheless be willing to produce declaration pages for all unproduced policies. (ECF No. 42 at 2.)

While no published case seems to have addressed this issue, the text of Rule 26 and prior decisions by this court support the plaintiffs' position. Rule 26 requires the automatic disclosure of "any" insurance policy that "may be liable to satisfy all or part of a possible judgment." There is no allowance for a party to pick and choose which policies it discloses simply because certain policies may exceed a plaintiff's claimed damages. This district has squarely stated that "Rule 26 requires the disclosure of excess and umbrella insurance policies[.]" Miller, 2018 WL 6566553 at *4. Other districts have agreed. See Williams Int'l Co., LLC v. Zurich Am. Ins. Co., No. 4:20-cv-13277, 2022 WL 678458, at *1 (E.D. Mich. Mar. 7, 2022) ("[Rule 26] is absolute . . . and does not require any showing of relevance.") (quoting Suffolk Fed. Credit Union v. CUMIS Ins. Soc., Inc., 270 F.R.D. 141, 142 (E.D.N.Y. 2010)); Garcia v. Techtronic Indus. N. Am., Nos. 2:13-cv-05884 (MCA) (JAD), 3:14-cv-00840(KM)(JAD), 2:14-cv-04697(KM)(JAD), 2015 WL 1880544, at *2-4 (D.N.J. Apr. 22, 2015) (compelling disclosure of excess insurance policy notwithstanding unresolved liability in excess of standard coverage); Regalado v. Techtronic Indus. N. Am., Inc., No. 3:13-cv-4267-L, 2015 WL 10818616, at *1-2 (N.D. Tex. Feb. 24, 2015)

("Rule 26(a)(1)(A)(iv)'s production requirement . . . 'is absolute' "); <u>Cessante v. City of Pontiac</u>, No. 07-cv-15250, 2009 U.S. Dist. LEXIS 30217, *11-12 (E.D. Mich. Apr. 9, 2009) (compelling disclosure of "umbrella and/or excess insurance policies"). While defendants argue that plaintiffs should be required to "show cause as to why they need the full insurance policies of Defendants," no such requirement exists in the Rule. (ECF No. 42 at 3.) By its terms, Rule 26 is automatic and the disclosures it requires mandatory. Defendants are hereby ORDERED to produce complete copies of *any* insurance policy under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment, within seven days of the entry of this order.

**C.   Motion for Protective Order**

Federal Rule of Civil Procedure 26(c)(1) allows a party to move for a protective order, and for the court to issue one "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Defendants argue that a protective order "is in the best interest of all parties involved as it will protect proprietary information of the Defendants and the medical and financial interests of the Plaintiffs." (ECF No. 41 at 2.) They further state that a "protective order will assist in the swift adjudication of discovery issues" and help "stream

-6-

line this litigation[.]" (Id.) Plaintiffs state that they "do not oppose a protective order in theory to control the release of confidential information, but Plaintiffs *do* oppose what Defendants have informed Plaintiffs they intend to do with a protective order," namely, produce the above-described insurance policies as confidential. (ECF No. 44 at 2.)

The undersigned finds a protective order unnecessary at this time. Defendants' motion makes gestures towards a protective order speeding along the litigation process, but point to no specifics of "annoyance, embarrassment, oppression, or undue burden or expense" that would justify a protective order. "The burden of establishing good cause for a protective order rests with the party seeking the protection." Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis, No. 1:11-cv-0851, 2012 WL 3600106, at *4 (S.D. Ohio Aug. 21, 2012) (citing Nix v. Sword, 11 F. App'x 498, 500 (6th Cir. 2001)). The defendants here have not offered any examples of burden and not shown good cause.

### III. CONCLUSION

For the above reasons, plaintiffs' Motion to Compel is GRANTED and defendants' Motion for Protective Order is DENIED without prejudice.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM

-8-

Chief United States Magistrate Judge

<u>May 6, 2022</u>
Date