1UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**PATRICK GREER and**
**TRACEY GREER, Wife,**

 **Plaintiffs,**

vs.    No.   **2:21-cv-2474-MSN**
               **JURY DEMANDED**

**WASTE CONNECTIONS OF TENNESSEE,**
**INC., PATRICK E. WATT and**
**JOHNS/JANES DOE 1-5,**

 **Defendants.**

### (#16) DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EXPERT TESTIMONY AND REPORT OF PLAINTIFFS' NEURORADIOLOGICAL EXPERT, TRAVIS SNYDER, D.O.

  COMES NOW DEFENDANTS, Waste Connections of Tennessee, Inc. and Patrick E. Watt ("Defendants"), by and through undersigned counsel, and respectfully file this Motion in Limine to Exclude the Expert Testimony and Report of Plaintiffs' neuroradiological expert, Travis Snyder, D.O., pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure, and Rules 403 and 702 of the Federal Rules of Evidence.

  In support of the same, Defendants would state and show unto this Honorable Court that Plaintiffs' Expert Disclosures, inclusive of Dr. Snyder's Expert Report, fail to provide a "complete statement of all opinions" to which Dr. Snyder is expected to testify at trial, in violation of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. By virtue of such failure, Defendants are left to speculate as to the subject matter(s) and scope of Dr. Snyder's proposed testimony, which is precisely the outcome that the disclosure requirements of Rule 26 seek to avoid. Defendants would

submit that such failure and the resulting outcome warrant the exclusion of Dr. Snyder's "Expert Report" and any testimony he is expected to offer at trial.

Even if a "complete statement" of Dr. Snyder's opinions had been properly disclosed in accordance with Rule 26, Defendants would submit that the proposed testimony of Dr. Snyder – to the extent it can be known – is insufficient to withstand scrutiny under Rule 702 of the Federal Rules of Evidence and the standards set forth by the Supreme Court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Dr. Snyder's Expert Report contains diverse and, at times, contradictory findings based on speculative and non-statistically significant data, rendering Dr. Snyder's conclusions unreliable and unsupported by the evidence.

Given the inherently complex nature of the subject matter to which Dr. Snyder is presumably expected to testify, a mere cursory review of Dr. Snyder's deposition transcript is sufficient to readily determine that Dr. Snyder's testimony is unlikely to help the trier of fact to understand the evidence or determine a fact in issue. To the extent Dr. Snyder's testimony is deemed relevant to this case, its minimal probative value is substantially outweighed by a high likelihood that its presentation will further confuse already complex issues and mislead the jury. In addition to resulting in the needless presentation of cumulative evidence and wasting time, these dangers are sufficiently likely so as to justify a preliminary determination that Dr. Snyder's proposed testimony must be excluded from trial.

For the foregoing reasons, as more fully set forth in the supporting Memorandum of Law filed contemporaneously herewith, Defendants respectfully request that this Motion be granted, and that the Court enter an Order excluding Dr. Snyder's Expert Report and any testimony he is expected to offer at trial.

Respectfully Submitted,

GORDON REES SCULLY MANSUKHANI, LLP

*/s/   Angel T. Davis*
Angel T. Davis (TN #040676)
James R. Embrey, Jr. (TN #019370)
Gordon Rees Scully Mansukhani LLP
4031 Aspen Grove Drive Ste 290
Franklin, Tennessee 37067
Telephone:     (615) 772-9015
nrainey@grsm.com
jembrey@grsm.com
***Attorneys for Defendant, Waste Connections of Tennessee, Inc.***

## CERTIFICATE OF COUNSEL UNDER LOCAL RULE 7.2

Pursuant to Local Rule 7.2, I, Nelson Rainey, do hereby certify that I discussed this motion with opposing counsel Howard Manis on July 21, 2023 by telephone and the Plaintiffs advised that they opposed all items in this motion.

*/s/ Nelson T. Rainey*
Nelson T. Rainey (TN BPR No. 35470)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served via CM/ECF on this the 21st day of July, 2023, upon the following:

Howard B. Manis
The Cochran Firm Memphis
One Commerce Square, Suite 1700
Memphis, Tennessee 38103
hmanis@cochranfirm.com


Jeffrey A. Mitchell
Hugo L. Chanez
Andy Dupre
Mitchell Sanchez, LLC
3850 North Causeway Blvd., Suite 1500
Metairie, LA 70002
hchanez@mithcellsanchez.com
jmitchell@mithcellsanchez.com

3

adupre@mitchellsanchez.com

***Attorneys for Plaintiffs***

                                       */s/   Angel T. Davis*
                                       Angel T. Davis (TN #040676)