```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE WESTERN DISTRICT OF TENNESSEE
                 WESTERN DIVISION
```

────────────────────────────────────────────────

```
PATRICK GREER and              )
TRACEY GREER,                  )
                               )
     Plaintiffs,               )
                               )
v.                             )     No. 21-cv-2474-MSN-tmp
                               )
WASTE MANAGEMENT CONNECTIONS    )
OF TENNESSEE, INC., PATRICK E.  )
WATT, and JOHNS/JANES DOE 1-5,  )
                               )
     Defendants.               )
```

────────────────────────────────────────────────

**ORDER GRANTING PLAINTIFF'S MOTION IN PART, DENYING PLAINTIFF'S MOTION IN PART, AND REQUIRING DEFENDANTS PRODUCE VERIFIED RESPONSE**

────────────────────────────────────────────────

## I.   BACKGROUND

The dispute underlying this motion is the defendants' failure to produce certain documents requested in the plaintiffs' Fifth Set of Interrogatories and Requests for Production of Documents. In a single interrogatory, the plaintiffs asked first that the defendants identify every vehicle in Waste Management Connections, Inc.'s ("Waste Connections") fleet subject to the Federal Motor Carrier Safety Act ("FMCSA") between 1/1/2016 and 9/22/20, and second that the defendants state whether they were in possession of an annual inspection report (or sticker) as required by the FMCSA. (ECF No. 118.) The plaintiffs also included a request for production of the referenced reports and/or stickers. (Id.)

-1-

Following several attempts to get this documentation, on April 27, 2023, the plaintiffs filed a Motion to Compel and for Entry of Sanctions Under Rule 37. (ECF No. 118.) The court heard oral argument on the motion on June 12, 2023. (ECF No. 158.) On June 14, 2023, the court entered an order granting in part and denying in part the motion to compel. (ECF No. 160.) That order stated, in part:

> [T]he Court orders Defendants to fully and completely respond to Plaintiffs' Fifth Set of Interrogatories and Request for Production of Documents by June 22, 2023 at 5:00 p.m. To the extent, the Defendants do not have any documents setting forth evidence of compliance with the annual inspection requirements as set forth and required by 49 C.F.R. 396.17, the Defendants shall state so unequivocally in a verified answer or response.

(Id.) The plaintiffs now claim that the defendants did not meet the June 22, 2023 deadline. (ECF No. 171.) They therefore request that the following three facts be established as a sanction against the defendants:

> (1)  Waste Connections has over 100 trucks in its commercial fleet of vehicles that are all subject to the Federal Motor Carrier Safety Act.
> (2)  Of its entire 100+ truck fleet, Waste Connections is not in possession of a single annual inspection report as required by 49 C.F.R. 396.17 covering the time period between January 1, 2016 and September 22, 2020.
> (3)  And during the time period between January 1, 2016 and September 22, 2020, Waste Connections' entire 100+ truck fleet, was uninspected in violation of 49 C.F.R. 396.17

(Id.) The defendants recognize that they did not produce the documents that the plaintiffs requested by the court-imposed

deadline. (ECF No. 179.) However, the defendants contend that they did produce a series of documents to the plaintiffs by the deadline — reports from a fleet management system database — and those documents were sufficient to respond to the plaintiffs' Fifth Set of Interrogatories. (Id.) The defendants admit that Waste Connections has "over 100 trucks in its commercial fleet of vehicles that are all subject to the Federal Motor Carrier Safety Act." (Id.) They request that the undersigned not adopt the plaintiff's remaining two factual assertions. (Id.)

## II.  ANALYSIS

The defendants' document production was insufficient to respond to the plaintiffs' requests and did not meet the requirements set out by the prior order compelling production. The undersigned understands that the defendants' "Exhibit A" attached to their response is the document they shared with the plaintiffs prior to the June 22 deadline. (Id.) The defendants call this the "Crystal Reports" and refer to it as an "extensive chart . . . ." (Id.) In Wesley Martin's deposition, he estimated that Waste Connections has "[p]robably over a hundred" vehicles in its fleet. (ECF No. 116-4, at PageID 962.) The defendants also admit in their response to this motion that Waste Connections' commercial fleet exceeds one hundred trucks. (ECF No. 179.) Yet, the "Crystal Report" consists of vehicle inspection records for only seventy-

six vehicles operated by Waste Connections. (ECF No. 179-1.) The defendants attached another report to their response, labeling it "Exhibit B." (ECF No. 179.) This report lists seventy-five vehicles. (ECF No. 179-2.) "Exhibit B" has somewhat different information but lists almost the exact same vehicles as the "Crystal Report".[1] Combined, the reports count a total of seventy-eight vehicles, far less than the over one hundred vehicles that the defendants admit to possessing.

The defendants argue that they satisfied this court's June 14, 2023 order because they sent some documents setting forth evidence of compliance with annual inspections by the deadline. (ECF No. 179.) They point to the order's text, saying it only required an unequivocal, verified answer or response if they did "not have any documents setting forth evidence of compliance . . . ." Id. (quoting ECF No. 160 (emphasis added)). This argument ignores the first part of the order, in which the undersigned was clear that the defendants were to "fully and completely respond to Plaintiffs' Fifth Set of Interrogatories and Request for Production of Documents by June 22, 2023 at 5:00 p.m." (ECF No.

---

[1]In all, the "Crystal Report" and the subsequent attachment have seventy-three vehicles in common. The "Crystal Report" had three additional vehicles not listed in the defendant's Exhibit B (VINs 1M2AX13CX8M002365, 1M2AV02C9AM005720, and 1M2AU02C1DM007534). See ECF No. 179-1. The defendant's Exhibit B had two vehicles not listed in the "Crystal Report" (VINs 1FT7X2AT6CEC56777 and 1GBE5C12X7F409692, neither of which has anything logged after 2016). See ECF No. 179-2.

160.) Even taking these "Crystal Reports" at face value, the defendants (1) did not identify every vehicle in Waste Connections' fleet subject to the Federal Motor Carrier Safety Act between 1/1/2016 and 9/22/20; (2) did not state whether they were in possession of an annual inspection report (or sticker) as required by the FMCSA; and (3) did not produce the referenced reports and stickers. The defendants' documents provide some evidence of inspection, but they do not "fully and unequivocally" respond to the plaintiffs' Fifth Set of Interrogatories nor the request for production. Even in their response, the defendants' new Exhibit B comes no closer to answering the plaintiffs' request. The defendants, in their briefing to this court, have yet to establish whether or not they possess the 49 C.F.R. 396.17 inspection reports for Waste Connections vehicles.

For these reasons, the court orders as follows: First, because the defendants do not dispute that Waste Connections has over one hundred trucks in its fleet subject to the Federal Motor Carrier Safety Act, this fact will be established and may not be denied by any party or witness.

Second, the defendants will have until September 20, 2023 at 5:00 p.m. to file with this court in a verified response the answer to whether or not they possess any originals or copies of the 49 C.F.R. 396.17 inspection reports for Waste Connections vehicles

for inspections conducted between the time period between January 1, 2016 and September 22, 2020.

If the defendants verify that they do not possess any originals or copies of the 49 C.F.R. 396.17 inspection reports, then the plaintiff's second fact[2] will be established and may not be denied by any party or witness.

Third, because the defendants have provided some evidence of vehicle inspections in the form of their "Crystal Reports" and "Exhibit B," the undersigned denies the request to establish the plaintiffs' third fact[3] as true.

Finally, the undersigned will reserve judgment regarding reasonable payment of attorney fees until it receives a verified response from the defendant.

IT IS SO ORDERED.

s/ Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

September 13, 2023
Date

---

[2] "(2) Of its entire 100+ truck fleet, Waste Connections is not in possession of a single annual inspection report as required by 49 C.F.R. 396.17 covering the time period between January 1, 2016 and September 22, 2020." (ECF No. 171.)

[3] "(3) And during the time period between January 1, 2016 and September 22, 2020, Waste Connections' entire 100+ truck fleet, was uninspected in violation of 49 C.F.R. 396.17" (ECF No. 171.)

-6-