```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
_____

PATRICK GREER and                )
TRACEY GREER,                    )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )    No. 21-cv-2474-MSN-tmp
                                 )
WASTE MANAGEMENT CONNECTIONS     )
OF TENNESSEE, INC., PATRICK E.   )
WATT, and JOHNS/JANES DOE 1-5,   )
                                 )
     Defendants.                 )
_____
```

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO STRIKE**
_____

### I. BACKGROUND

The dispute underlying this motion stems back to the defendants' failure to produce certain documents requested in the plaintiffs' Fifth Set of Interrogatories and Requests for Production of Documents. In a single interrogatory, the plaintiffs asked first that the defendants identify every vehicle in Waste Management Connections, Inc.'s ("Waste Connections") fleet subject to the Federal Motor Carrier Safety Act ("FMCSA") between 1/1/2016 and 9/22/20, and second that the defendants state whether they were in possession of an annual inspection report (or sticker) for each vehicle as required by the FMCSA. (ECF No. 118-7.) The

plaintiffs also included a request for production of the referenced reports and/or stickers. (Id.)

Following several attempts to get this documentation, on April 27, 2023, the plaintiffs filed a Motion to Compel and for Entry of Sanctions Under Rule 37. (ECF No. 118.) The court heard oral argument on the motion on June 12, 2023. (ECF No. 158.) On June 14, 2023, the court entered an order granting in part and denying in part the motion to compel. (ECF No. 160.) That order stated, in part:

> [T]he Court orders Defendants to fully and completely respond to Plaintiffs' Fifth Set of Interrogatories and Request for Production of Documents by June 22, 2023 at 5:00 p.m. To the extent, the Defendants do not have any documents setting forth evidence of compliance with the annual inspection requirements as set forth and required by 49 C.F.R. 396.17, the Defendants shall state so unequivocally in a verified answer or response.

(Id.) The plaintiffs then claimed that the defendants did not meet the June 22, 2023 deadline. (ECF No. 171.) They therefore requested that the following three facts be established as a sanction against the defendants:

> (1) Waste Connections has over 100 trucks in its commercial fleet of vehicles that are all subject to the Federal Motor Carrier Safety Act.
> (2) Of its entire 100+ truck fleet, Waste Connections is not in possession of a single annual inspection report as required by 49 C.F.R. 396.17 covering the time period between January 1, 2016 and September 22, 2020.
> (3) And during the time period between January 1, 2016 and September 22, 2020, Waste Connections' entire 100+ truck fleet, was uninspected in violation of 49 C.F.R. 396.17

(Id.) On September 13, 2023, the undersigned entered an order granting in part and denying in part the plaintiffs' motion and requiring that the defendants produce a verified response. (ECF No. 253.) Specifically, the undersigned adopted the first designated fact as true, rejected the third designated fact, and ordered the defendants produce a verified response as to "whether or not they possess any originals or copies of the 49 C.F.R. § 396.17 inspection reports for Waste Connections vehicles for inspections conducted between the time period between January 1, 2016 and September 22, 2020." (Id.) Further, "[i]f the defendants verify that they do not possess any originals or copies of the 49 C.F.R. § 396.17 inspection reports, then the plaintiff's second fact will be established and may not be denied by any party or witness." (Id. (footnote omitted).)

On September 20, 2023, the defendants submitted their response to the order. (ECF No. 254.) In it, the defendants stated that "Waste Connections is no longer in possession of either the originals or copies of the annual inspection reports required by 49 C.F.R. § 396.21 for the time period of 1/1/2016 and 9/22/2020." (Id.) The defendants also objected to the language of the second designated fact, arguing that Waste Connections' not possessing its inspection reports from 2016 to 2020 was not in violation of 49 C.F.R. § 396.17 because the federal law only mandates possession for fourteen months after the date of inspection. (Id.)

-3-

On September 28, 2023, the plaintiffs filed this Motion to Strike Verified Response in Contradiction of Corporate Testimony and Untimely Document Production and for the Entry of Designated Fact Nos. 2 and 3. (ECF No. 255.) This matter was referred to the undersigned for determination on October 2, 2023. (ECF No. 257.) The defendants filed a response in opposition to the motion on October 12, 2023. (ECF No. 258.) The plaintiffs filed a reply on October 17, 2023. (ECF No. 261.) For the following reasons, it is GRANTED in part and DENIED in part.

## II. ANALYSIS

**A.   Striking Defendants' September 20, 2023 Verified Response**

The plaintiffs first argue that the undersigned should strike the entirety of the defendants' September 20, 2023 Verified Response. (ECF No. 255.) They argue that, during discovery, Waste Connections' corporate representative Rick West "testified under oath that the company did *not* have a written record retention policy [a]nd . . . was 'not sure' why the company would ever have denied the existence of a records retention policy." (Id. at PageID 9643 (citing ECF No. 255-1 at PageID 9684, 9741) (emphasis in original).) By contrast, in the September 20, 2023 filing verified by West, the defendants describe a written record retention policy. They contend that, under Rule 30(b)(6), "testimony is binding upon a corporate party, and it may not be later contradicted by the corporation at trial." (Id. at PageID 9641.) The plaintiffs cite

-4-

four cases for this proposition. (Id.)

"Under Rule 30(b)(6), a corporation 'has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.'" Convertino v. U.S. Dep't of Just., No. 07-13842, 2013 WL 153311, at *4 (E.D. Mich. Jan. 15, 2013) (quoting Reilly v. Natwest Mkts. Grp., Inc., 181 F.3d 253, 268 (2d Cir. 1999)). However, the Rule does not "absolutely bind[] a corporate party to its designee's recollection." A.I. Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001). Instead, the deposition binds the 30(b)(6) deponent as a representative of the party:

> It is true that a corporation is bound by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be bound by his or her testimony. All this means is that the witness has committed to a position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue. Evidence may be explained or contradicted. Judicial admissions, on the other hand, may not be contradicted.

Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., No. 03 CIV. 10254 (JFK), 2008 WL 4129620, at *21 (S.D.N.Y. Sept. 4, 2008) (internal quotation marks and alterations omitted); see also Erickson v. Microaire Surgical Instruments LLC, No. C08-5745BHS, 2010 WL 1881942, at *2 (W.D. Wash. May 6, 2010) ("The testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission

absolutely binding on that party."); Indus. Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (Rule 30(b)(6) "testimony is not a judicial admission that ultimately decides an issue. The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes.").

The plaintiffs rely on a separate line of cases holding that, "[u]nless it can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." Rainey v. Am. Forest & Paper Ass'n, Inc., 26 F. Supp. 2d 82, 94 (D.D.C. 1998). Rainey has been repeatedly criticized by courts, which find that "[n]othing in the advisory committee notes indicates that the Rule goes so far." A.I. Credit Corp., 265 F.3d at 637; see also Cont'l Cas. Co. v. First Fin. Emp. Leasing, Inc., 716 F. Supp. 2d 1176, 1190 (M.D. Fla. 2010) (concluding that Rainey and its progeny "overstate the binding effect of Rule 30(b)(6) testimony"). The undersigned therefore follows the "sounder view" that "testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes." A.I Credit Corp., 265 F.3d at 637 (internal quotation marks omitted). As a result, Rule 30(b)(6) does not justify striking the defendants' Verified Response. (ECF No. 254.)

**B.  Excluding the 981 Documents Defendants Produced**

The plaintiffs next request that the 981 RTA documents the defendants produced to them along with the September 20, 2023 Verified Response be excluded. (ECF No. 255 at PageID 9644.) The defendants do not appear to contest these documents' exclusion. The undersigned agrees that, because the documents were produced after the discovery deadline, and because there is no substantial justification for their untimely production, the documents may not be used by the defendants.

However, the undersigned clarifies that the "Crystal Reports" that were proffered to the plaintiffs prior to the June 14, 2023 discovery deadline and those documents previously labeled "Exhibit B" in the defendants' July 17, 2023 filing are not being excluded by this order.

**C.  Second Designated Fact**

The second designated fact, as initially requested by the plaintiffs in their June 30, 2023 Motion for Sanctions, stated: "Of its entire 100+ truck fleet, Waste Connections is not in possession of a single annual inspection report as required by 49 C.F.R. 396.17 covering the time period between January 1, 2016 and September 22, 2020." (ECF No. 253 at PageID 9621 (quoting ECF No. 171).) In this court's previous order, the undersigned stated, "If the defendants verify that they do not possess any originals or copies of the 49 C.F.R. § 396.17 inspection reports, then the

-7-

plaintiff's second fact will be established and may not be denied by any party or witness." (Id. at PageID 9625.)

The plaintiffs seek for this fact to be deemed as true. (ECF No. 255 at PageID 9646–47.) The defendants vehemently disagree, both in their Verified Amended Responses (ECF No. 254) and their response to the present motion (ECF No. 258), arguing that accepting this fact as true would be a misstatement of law. Specifically, they argue that, although they do not possess the reports, they do not do so in violation of 49 C.F.R. § 396.17. (ECF No. 258 at PageID 9828.) 49 C.F.R. § 396.17 does not have recordkeeping requirements, but 49 C.F.R. § 396.21 does require possession of the reports for fourteen months after the inspection date. 49 C.F.R. § 396.21. Because the plaintiffs' request was made in 2023 for reports between 2016 and 2020, the defendants argue, all of these reports exceeded the fourteen-month window and the defendants' inability to produce them does not violate any regulation. (ECF No. 258 at PageID 9830–31.)

The disagreement here appears to be semantic. By framing the fact as "Waste Connections is not in possession of a single annual inspection report as required by 49 C.F.R. 396.17[,]" the language implies that the defendants are violating the law by no longer possessing the reports. The defendants are correct in pointing out that they are not required by law to have the reports from 2016 to 2020. That does not mean the statement itself is incorrect, though

the undersigned recognizes how it could be misleading. A more apt, less confusing construction of the fact could be read as follows: "Of its entire 100+ truck fleet, Waste Connections is not in possession of any 49 C.F.R. 396.17 inspection report covering the time period between January 1, 2016 and September 22, 2020."

However, along with this motion, the plaintiff provided the undersigned with the 2017 inspection report they describe as having been found within the truck at the center of the present litigation. (ECF No. 255-3; ECF No. 261 at PageID 9875.) With clear evidence, shared by the moving party, that Waste Connections was in possession of at least one inspection report from a year within 2016 to 2020, the undersigned can no longer accept any part of the second fact as true. Thus, in light of the new information, the undersigned denies the request to establish the second designated fact as true.

**D.   Third Designated Fact**

The third designated fact, as initially requested by the plaintiffs in their June 30, 2023 Motion for Sanctions, stated: "And during the time period between January 1, 2016 and September 22, 2020, Waste Connections' entire 100+ truck fleet, was uninspected in violation of 49 C.F.R. 396.17[.]" (ECF No. 253 at PageID 9621 (quoting ECF No. 171).) In this court's previous order, the undersigned held that "because the defendants have provided some evidence of vehicle inspections in the form of their 'Crystal

Reports' and 'Exhibit B,' the undersigned denies the request to establish the plaintiffs' third fact as true." (<u>Id.</u> at PageID 9625.) The plaintiffs request that this court reconsider its refusal to establish the third designated fact as true. With the new information considered and discussed above, it is evident that at least one inspection occurred during the time period in question. Thus, the undersigned denies the plaintiffs' request to reconsider the third designated fact as true.

**E.    Attorney Fees**

The defendants initially requested attorney fees in their July, 17, 2023 response to the plaintiffs' motion for sanctions. (ECF No. 179 at PageID 3008.) In this court's previous order, the undersigned stated it "will reserve judgment regarding reasonable payment of attorney fees until it receives a verified response from the defendant." (ECF No. 253 at PageID 9621.) With the verified response now submitted, the undersigned does not believe attorney fees are warranted.

### III. CONCLUSION

For the above reasons, the plaintiffs' Motion to Strike is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

s/Tu M. Pham<br>
TU M. PHAM<br>
Chief United States Magistrate Judge

<u>October 19, 2023</u>
Date

-11-