# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| PATRICK GREER and TRACEY GREER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 21-cv-2474-MSN-tmp ) |
| WASTE CONNECTIONS OF TENNESSEE, INC., PATRICK E WATT, and JOHN/JANE DOES 1-5, | ) ) ) ) |
| Defendants. | ) ) |

## ORDER DENYING DEFENDANTS' MOTION REGARDING CUMULATIVE EXPERT TESTIMONY OF ERIN BIGLER, PH.D. AND ROBERT THOMA, PH.D.

Before the court is the defendants' motion in limine to preclude the plaintiffs from presenting cumulative expert testimony of Erin Bigler, Ph.D. and Robert Thoma, Ph.D. (ECF No. 191.) The plaintiffs filed their response on August 10, 2023. (ECF No. 233.) This motion was referred to the undersigned. (ECF No. 250.) After carefully reviewing the entire record, including the expert reports, curricula vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

The defendants argue that Dr. Bigler and Dr. Thoma practice in the same specialty, will testify about the same issues, and will offer the same opinions based upon similar neuropsychological

assessments. (ECF No. 191-1 at PageID 3769.) The defendants specifically point to Dr. Bigler's report, in which she stated, "The neuropsychological findings from Dr. Thoma's assessment are consistent with what was observed and obtained previously in [Dr. Bigler's] March 24, 2021 evaluation." (Id. at PageID 3769–70; ECF No. 191-4 at PageID 3796 (Dr. Bigler's Report).) Similarly, the defendants cite Dr. Thoma's report, which states that his "findings are consistent with those reported by [sic] in Dr. Bigler's Neuropsychology Consultation Report (dated 3/24/21)." (ECF No. 191-1 at PageID 3770; ECF No. 191-3 at PageID 3792 (Dr. Thoma's Report).)

On the other hand, the plaintiffs argue that the doctors' testimonies are sufficiently distinct. Specifically, the plaintiffs argue that the two doctors conducted different tests. (ECF No. 233 at PageID 8106.) Additionally, Dr. Bigler conducted her assessment six months after the crash while Dr. Thoma conducted his assessment twenty-one months after the crash. (Id.) The plaintiffs argue that these two experts considered together demonstrate the deterioration of Greer's cognitive disorder, which is not cumulative. (Id.)

"[R]elevant evidence may be excluded if its probative value is substantially outweighed by a danger of one or more of the following . . . needlessly presenting cumulative evidence." Fed. R. Civ. P. 403. The district judge may determine during the course

of trial that the testimony is cumulative. However, at this point, the undersigned finds that the testimonies of Dr. Bigler and Dr. Thoma serve different purposes. Further, the plaintiffs' position that the different tests administered along with the gap in time between the two assessments is well-taken.

For the reasons stated above, the defendants' motion is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date