```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| **PATRICK GREER and TRACEY GREER,** | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 21-cv-2474-MSN-tmp ) |
| **WASTE CONNECTIONS OF TENNESSEE, INC., PATRICK E WATT, and JOHN/JANE DOES 1–5,** | ) ) ) ) |
| Defendants. | ) |

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT ERIN BIGLER, PH.D.**

Before the court is the defendants' motion in limine to exclude Dr. Bigler's testimony. (ECF No. 192.) The plaintiffs filed their response on August 10, 2023. (ECF No. 233.) This motion was referred to the undersigned. (ECF No. 250.) After carefully reviewing the entire record, including the expert report, curriculum vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

First, defendants argue that Dr. Bigler's testimony is cumulative because of Dr. Thoma's testimony. (ECF No. 192-1 at PageID 3953.) However, the court denied the defendants' motion precluding both Dr. Bigler and Dr. Thoma's testimonies finding

that they are not cumulative. (ECF No. 267.) Second, the defendants argue that Dr. Bigler's testimony is not based on sufficient facts or data and is not the product of reliable principles and methods because Dr. Bigler conducted the neuropsychological evaluation via telehealth rather than holding it in-person. (Id. at PageID 3956.) The plaintiffs argue and cite scientific literature that states that a telehealth neuropsychological evaluation is as reliable as an in-person evaluation. (ECF No. 233 at pp. 8-9) (citing Adam C. Parks, et al., Validity of In-Home Teleneuropsychological Testing in the Wake of COVID-19, Nat'l Libr. of Med. (Feb. 10, 2021), https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7929470/.)

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Courts are tasked with gate-keeping the admissibility of expert testimony. Daubert v. Merrell Dow Pharms.,

Inc., 509 U.S. 579, 597 (1993). In order to make determinations on admissibility, courts must undertake two inquiries: first, whether the reasoning and methodology underlying the testimony are reliable; and second, whether the reasoning can be properly applied to the facts at hand. Id. at 592-93. To aid with this analysis, the Supreme Court has proposed four factors to consider when analyzing reliability: whether a method has been tested, whether it has been peer reviewed, whether it has a high rate of error, and whether it is generally accepted within the relevant community. Id. at 592-94. The Supreme Court noted that these factors are not a "definitive checklist or test." Id. at 593. Rather, the determination of reliability is a flexible analysis. Id. "The particular factors will depend upon the unique circumstances of the expert testimony at issue." Birge ex rel. Mickens v. Dollar Gen. Corp., No. 04-2531 B/P, 2006 WL 5175758, at *3 (W.D. Tenn. Sept. 28, 2006).

    The undersigned finds that Dr. Bigler's testimony is based on sufficient facts and is the product of reliable principles and methods, which can be applied in this case. The fact that the assessment took place virtually during the pandemic rather than in-person does not in and of itself render the testimony unreliable.

    Finally, the defendants argue that the testimony should be excluded because it was prepared solely for the purpose of

litigation rather than flowing naturally from the expert's line of work. (ECF No. 192-1 at PageID 3957.) They quote Johnson v. Manitowoc Boom Trucks, Inc. for the assertion that "expert testimony prepared solely for purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, should be viewed with some caution." 484 F.3d 426, 434 (6th Cir. 2007). This is, indeed, a factor that can be considered in determining whether an expert is qualified. See id.; Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1352 (6th Cir. 1992). However, unlike the experts in the cases the defendants cite, Dr. Bigler is not attempting to introduce questionable methodologies or unsubstantiated knowledge. Rather, Dr. Bigler is offering expert testimony based on her evaluations of Mr. Greer. Further, it is clear that she is qualified because she has conducted thorough, independent research and has published numerous books and peer-reviewed articles on the subject of neuropsychology and traumatic brain injury. (ECF No. 233 at pp. 10-11.)

For the reasons stated above, the defendants' motion is DENIED.

IT IS SO ORDERED.

                              s/Tu M. Pham  
                              TU M. PHAM  
                              Chief United States Magistrate Judge

                              November 21, 2023  
                              Date