```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       WESTERN DIVISION
```

```
PATRICK GREER and                )
TRACEY GREER,                    )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )     No. 21-cv-2474-MSN-tmp
                                 )
WASTE CONNECTIONS OF TENNESSEE,  )
INC., PATRICK E WATT, and        )
JOHN/JANE DOES 1-5,              )
                                 )
     Defendants.                 )
```

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE ALL UNDISCLOSED NON-RETAINED EXPERTS**

Before the court is the defendants' motion in limine to exclude all undisclosed non-retained experts. (ECF No. 198.) The plaintiffs filed their response on July 31, 2023. (ECF No. 223.) This motion was referred to the undersigned. (ECF No. 250.) After reviewing the entire record and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

In the plaintiffs' initial disclosures, they disclosed the names, addresses, and telephone numbers of forty-one treating physicians and other medical providers who "will have knowledge concerning the injuries and damages suffered by Plaintiff, the fact and circumstances leading to the injuries, the treatment

provided, future treatment, opinions held, etc." (ECF No. 198-1 at PageID 4033; ECF No. 198-2 at PageID 4048-49 (Plaintiffs' Initial Disclosures).) On April 10, 2023, the plaintiffs' counsel submitted a letter and a sharefile link that included expert reports for the retained witnesses along with medical records. (ECF No. 198-1 at PageID 4033-34.)

The defendants argue that the expert disclosures as to the non-retained experts were insufficient under Rule 26(a)(2) because the disclosures included boilerplate language regarding the subject matter of their expert testimony. (Id. at PageID 4038.) The plaintiffs argue that a treating physician's lack of a formal summary disclosure does not preclude the physician from testifying; rather it limits the scope of the permissible expert testimony to the content derived from the medical records. (ECF No. 223 at PageID 5587.)

The disclosure requirements for non—retained experts is "considerably less extensive than the report required by Rule 26(a)(2)(B)." Cahoo v. Fast Enter. LLC, No. 17-10657, 2021 WL 1037727, at *3 (E.D. Mich. Mar. 18, 2021) (quoting Fed. R. Civ. P. 26, Advisory Committee Notes on 2010 Am. to Rule 26(a)(2)(C)). "Where an expert disclosure is itself not detailed, the opinions and supporting facts of non-retained experts may be disclosed in other discovery responses." (Id.) (citing Owens-Hart v. Howard Univ., 317 F.R.D. 1, 4 (D.D.C. 2016) (finding that 123 pages of

- 2 -

medical records produced in discovery helped satisfy the disclosure requirements regarding the non-retained treating physician's facts and opinions). As the defendants point out, the plaintiffs produced fifty-three distinct sets of medical records, consisting of more than 2,000 pages of records. (ECF No. 198 at PageID 4034.) The defendants have known the names of the treating physicians and have received the medical records that would support their testimony, so there is no surprise as to the scope of testimony. The undersigned finds that the disclosure of information satisfied Rule 26 of the Federal Rules of Civil Procedure.

For the reasons stated above, the defendants' motion is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date