```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

```
PATRICK GREER and                   )
TRACEY GREER,                       )
                                    )
     Plaintiffs,                    )
                                    )
v.                                  )    No. 21-cv-2474-MSN-tmp
                                    )
WASTE CONNECTIONS OF TENNESSEE,     )
INC., PATRICK E WATT, and           )
JOHN/JANE DOES 1-5,                 )
                                    )
     Defendants.                    )
```

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF
TODD CASSELMAN AS AN EXPERT WITNESS**

Before the court is the defendants' motion in limine to exclude Todd Casselman's expert testimony. (ECF No. 209.) The plaintiffs filed a response on August 1, 2023. (ECF No. 224.) The motion was referred to the undersigned. (ECF No. 250.) After carefully reviewing the entire record, including the expert report, curriculum vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

The defendants argue that testimony related to the following should be excluded: Casselman's education and training, his experience, his research related to industry and government standards and data, his review of the case material, laws and

regulations relating to safety development and equipment maintenance, waste industry standards, any rules, any regulations, any policies, any industry standards, any duties to the public, any standards of care, any laws, and anything related to the cause of the accident. (ECF No. 209-1 at PageID 5040-41.) The defendants argue that Casselman possesses no certification or specialized education to qualify as an expert in the standards of care in the waste management industry, and his report is devoid of any scientific methodology. (Id. at PageID 5041-42.) The defendants also specifically reference an exchange in Casselman's deposition where he was questioned about his familiarity with the Tennessee Department of Safety Division of Commercial Vehicle Enforcement. (Id. at PageID 5042.) Casselman testified that the extent of his familiarity is that Tennessee adopted the Federal Motor Carrier Safety Regulations, which is inaccurate. (Id. at PageID 5043.)

The plaintiffs argue that Casselman is qualified as an expert based on over three decades of experience in the waste management industry. (ECF No. 224 at PageID 6134-35.) During his career, he obtained a TCEQ Class A municipal solid waste facility operator license and held various roles in which he directed operations, compliance, and vehicle and safety maintenance. (Id. at PageID 6135-37.) Further, the plaintiffs argue that Casselman's report was the product of reviewing deposition testimony of witnesses, the collision specialists' reports on the truck, the mechanical

- 2 -

report of Barry Peak and Fred Davidson, and the photographs and documents produced in discovery. (Id. at PageID 6139.)

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Courts are tasked with gate-keeping the admissibility of expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). In order to make determinations on admissibility, courts must undertake two inquiries: first, whether the reasoning and methodology underlying the testimony are reliable; and second, whether the reasoning can be properly applied to the facts at hand. Id. at 592-93. To aid with this analysis, the Supreme Court has proposed four factors to consider when analyzing reliability: whether a method has been tested, whether it has been peer reviewed, whether it has a high rate of error, and whether it is generally accepted within the relevant community.

Id. at 592-94. The Supreme Court noted that these factors are not a "definitive checklist or test." Id. at 593. Rather, the determination of reliability is a flexible analysis. Id. "The particular factors will depend upon the unique circumstances of the expert testimony at issue." Birge ex rel. Mickens v. Dollar Gen. Corp., No. 04-2531 B/P, 2006 WL 5175758, at *3 (W.D. Tenn. Sept. 28, 2006).

In his report, Casselman explains that he has more than thirty years of experience "delivering innovative waste management solutions[,]" has "developed operational, safety, compliance and maintenance training for most waste collection vehicles, services, and container types[,]" and has led many investigations to find the root cause for incidents involving waste collection vehicles. (ECF No. 224-6 at PageID 6708.) Between his curriculum vitae and his deposition, Casselman describes having "[l]ed a bottom ranked safety operation (out of 300+) to top 25 in less than 18 months" and has been employed as a manager in the waste management and transportation industries since 1994. (Id. at PageID 6729-32.) He explains that he began his career in waste management two years earlier, working his first job in the industry from 1992 to 1999 as both a driver and then in operational management. (ECF No. 224-10 at PageID 6830-31 (Casselman Deposition).) From 2000 to 2006, he worked in numerous roles at a second waste management company, overseeing as many as 176 employees and thousands of vehicles

around the country. (Id. at PageID 6831) While working there, he shifted the company from having on average one accident per month to having zero over thirty consecutive months. (Id. at PageID 6831-32.) He followed that up with another three years from 2006 to 2009 as a manager at a different company in the waste management industry. (ECF No. 224-6 at PageID 6731.) Starting in 2010, he served as the Chief Operating Officer and General Manager of another waste management company, implementing driver safety training and keeping the company accident-free for three years. (Id. at PageID 6730-31.) He simultaneously ran and oversaw his own waste management company, which saw zero accidents before being sold. (Id. at PageID 6730.) Since 2014, Casselman explained that he has had a number of additional management roles in waste management, has managed hundreds of staff members and hundreds of trucks, and now serves as an independent consultant for waste companies, including consultation on their safety and compliance. (Id. at PageID 6729-30; ECF No. 224-10 at PageID 6833-34 (Casselman Deposition).)

The undersigned finds Casselman is qualified as an expert on the standards of care in the waste management industry under Rule 702 because his testimony is reliable and his reasoning and methodology can be applied in this case. Casselman's experience in the industry in a number of roles, including managing processes and compliance, qualifies him to review the evidence and offer his

opinion. Further, that Casselman is not extensively familiar with the Tennessee Department of Safety Division of Commercial Vehicle Enforcement code compared to the Federal Motor Carrier Standards does not disqualify him as an expert. See Davis v. Combustion Eng'g, Inc., 742 F.2d 916, 919 (6th Cir. 1984) ("Rule 702 should be broadly interpreted on the basis of whether the use of expert testimony will assist the trier of fact. The fact that a proffered expert may be unfamiliar with pertinent statutory definitions or standards is not grounds for disqualification. Such lack of familiarity affects the witness'[s] credibility, not his qualifications to testify.")

For the reasons stated above, the defendants' motion is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date