```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                     WESTERN DIVISION
```

| | |
|---|---|
| PATRICK GREER and ) | |
| TRACEY GREER, ) | |
|  ) | |
|     Plaintiffs, ) | |
|  ) | |
| v.  ) | No. 21-cv-2474-MSN-tmp |
|  ) | |
| WASTE CONNECTIONS OF TENNESSEE, ) | |
| INC., PATRICK E. ) | |
| WATT, and JOHN/JANE DOES 1–5, ) | |
|  ) | |
|     Defendants. ) | |

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF MICHAEL KITCHENS AS AN EXPERT WITNESS**

Before the court is the defendants' motion in limine to exclude the testimony of Michael Kitchens as an expert witness. (ECF No. 211.) The plaintiffs filed their response on August 8, 2023. (ECF No. 231.) This motion was referred to the undersigned on August 30, 2023. (ECF No. 250.) After carefully reviewing the entire record, including the expert report, curriculum vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

The parties dispute whether Kitchens is qualified as a "compliance" expert. The defendants argue that he is not qualified to testify about the maintenance of the truck in question, its condition report, its inspections or inspection reports, its

condition, its alleged defects, its work orders, the driver's conduct, industry standards, Federal Motor Carrier Safety Regulations and the Tennessee Department of Safety Division of Commercial Vehicle Enforcement, any training or experience Waste Connections mechanics have, Waste Connections' policies, and "[a]ll testimony and evidence related to time, distance traveled, calculations of speed, calculations of distance, scaled renditions of the accident and/or scene." (ECF No. 211-1 at PageID 5122-23.) The defendants contend that Kitchens provided no methodology beyond a statement of general reliance on laws, policies, industry standards, and what he has learned through his years of experience. (Id. at PageID 5123-24.) Kitchens testified that there is no place to find industry standards but said that "you can talk to any motor carrier out there, Google them." (Id. at PageID 5124.) Based on this statement, the defendants insist that his report and testimony are based on non-existent standards and should therefore be excluded. (Id.) Finally, the defendants argue that Kitchens does not have the certification to perform a truck "'compliance review' (i.e. safety audit) as required by C.F.R. 49 § 385.203" and thus lacks the requirements necessary to serve as an expert in safety compliance. (Id. at PageID 5124-25.)

The plaintiffs respond that Kitchens has over twenty years' experience in law enforcement and was certified in 2002 to conduct Federal Motor Carrier Safety Administration ("FMCSA") inspections

for commercial vehicles, received Georgia's equivalent state-level certification in 2005, worked from 2013 to 2017 as a director and manager of the safety department ensuring compliance at a large company, and has conducted over 2,500 vehicle inspections, among other qualifications. (ECF No. 231 at PageID 6916-17.) The plaintiffs argue that Kitchens's lack of certification to conduct a "safety audit" is irrelevant because he did not conduct a safety audit here, which would have included reviewing Waste Connections' entire operation, including its management controls. (Id. at PageID 6918-19.) According to the plaintiffs, Kitchens's report is based on the collision specialists' inspection of the truck as well as the FMCSA and Tennessee authorities, and in his deposition he made clear that industry standards have identifiable, substantive bases. (Id. at PageID 6919-20.)

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>     (a)   the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
>     (b)   the testimony is based on sufficient facts or data;
>
>     (c)   the testimony is the product of reliable principles and methods; and

>   (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Courts are tasked with gate-keeping the admissibility of expert testimony. Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993). In order to make determinations on admissibility, courts must undertake two inquiries: first, whether the reasoning and methodology underlying the testimony are reliable; and second, whether the reasoning can be properly applied to the facts at hand. Id. at 592-93. To aid with this analysis, the Supreme Court has proposed four factors to consider when analyzing reliability: whether a method has been tested, whether it has been peer reviewed, whether it has a high rate of error, and whether it is generally accepted within the relevant community. Id. at 592-94. The Supreme Court noted that these factors are not a "definitive checklist or test." Id. at 593. Rather, the determination of reliability is a flexible analysis. Id. "The particular factors will depend upon the unique circumstances of the expert testimony at issue." Birge ex rel. Mickens v. Dollar Gen. Corp., No. 04-2531 B/P, 2006 WL 5175758, at *3 (W.D. Tenn. Sept. 28, 2006).

In his report, Kitchens describes his experience in compliance as follows:

>   I have twenty years of law enforcement experience and have held various positions throughout my career. In 2002, I was certified by the Federal Motor Carrier Safety Administration (FM CSA) to conduct inspections of

>commercial vehicles while working as a Deputy for the Putnam County (GA) Sheriff's Office. In 2003, I was employed with the Georgia Department of Motor Vehicle Safety, which became the Motor Carrier Compliance Division of the Georgia Department of Public Safety in 2005. I remained with MCCD, working in the commercial vehicle enforcement role until 2013. While employed with MCCD, I became a field training officer and trained other officers in commercial vehicle and hazardous material enforcement. In 2008, I was assigned to the Georgia State Patrol's Specialized Collision Reconstruction Team (SCRT), which investigates and reconstructs fatal and serious injury vehicle accidents and I remained in this role until leaving law enforcement in March 2013.
>
>From March 2013 until October 2017, I served as the Manager and then Director of the Safety Department for Howard Sheppard Inc., HSI Logistics LLC, HSI JAX LLC. In June 2017, I oversaw Howard Sheppard Bulk, LLC, and Howard Sheppard Container Services LLC, a motor carrier with a fleet of approximately 500 drivers, including both company drivers and owner operators. In my position as Safety Manger and Safety Director, I was tasked with numerous job duties related to monitoring and ensuring compliance with all applicable federal, state, and local laws, rules, and regulations, as well as other operational safety functions.
>
>I have conducted over 2500 commercial vehicle inspections and I have investigated or assisted in the investigation of hundreds of fatal and serious injury collisions, which involved commercial vehicles. My training includes the completion of all five levels of traffic accident reconstruction offered in the State of Georgia, as well as numerous other trainings related to commercial vehicle accident investigation/reconstruction. I am also a ce1tified Safety Supervisor through the North American Transportation Management Institute (NATMI).

(ECF No. 231-1 at PageID 6940–41.) After reviewing the expert report, Kitchens's qualifications, and the law above, the undersigned finds that Kitchens is qualified to serve as an expert in "compliance" and to testify to his opinions as to Waste

- 5 -

Connections' compliance. As the plaintiffs correctly point out, Kitchens's lack of certification to conduct an official compliance review does not disqualify him to give expert testimony about the plaintiffs' proffered topics. Kitchens's extensive experience in compliance and knowledge of the industry, as well as his articulated reasoning, is sufficient to prevent his exclusion.

Therefore, the motion to exclude Michael Kitchens's expert testimony is DENIED.

IT IS SO ORDERED.

> s/Tu M. Pham
> TU M. PHAM
> Chief United States Magistrate Judge
>
> November 21, 2023
> Date