```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                    WESTERN DIVISION
```

```
PATRICK GREER and                )
TRACEY GREER,                    )
                                 )
     Plaintiffs,                 )
                                 )
v.                               )    No. 21-cv-2474-MSN-tmp
                                 )
WASTE CONNECTIONS OF TENNESSEE,  )
INC., PATRICK E WATT, and        )
JOHN/JANE DOES 1-5,              )
                                 )
     Defendants.                 )
```

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE THE TESTIMONY OF JEFFREY KIDD AS AN EXPERT WITNESS PURSUANT TO FED. R. EVID. 702**

Before the court is the defendants' motion in limine to exclude the testimony of Jeffrey Kidd as an expert witness. (ECF No. 212.) The plaintiffs filed their response on August 8, 2023. (ECF No. 231.) This motion was referred to the undersigned on August 30, 2023. (ECF No. 250.) After carefully reviewing the entire record, including the expert report, curriculum vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

The parties dispute whether Kidd is qualified as an accident reconstruction expert and the reliability of his methodology. The defendants argue that he is not qualified to testify about the maintenance of the truck in question, its condition report, its

inspections or inspection reports, its condition, its alleged defects, its work orders, the driver's conduct, industry standards, Federal Motor Carrier Safety Regulations and the Tennessee Department of Safety Division of Commercial Vehicle Enforcement, any training or experience Waste Connections mechanics have, Waste Connections' policies, and "[a]ll testimony and evidence related to time, distance traveled, calculations of speed, calculations of distance, scaled renditions of the accident and/or scene." (ECF No. 212-1 at PageID 5143–44.)

The defendants also take issue with the methodology section of Kidd's report being overly vague because he merely states that he reached his conclusions "[u]sing accepted accident reconstruction principles, methodologies and techniques[.]" (ECF No. 212-2 at PageID 5149 (Kidd's Report).) The defendants also argue that Kidd's methods are unreliable because he estimates "that it is possible the truck's speed of 52 mph could be less than the posted speed limit or as high as 60." (ECF No. 212 at PageID 5145.) The defendants also seek Kidd's exclusion because they claim he has opinions relating to parts of the case that he is not qualified to review and are otherwise irrelevant, including about noises the driver heard before the accident. (Id.)

The plaintiffs respond by arguing that Kidd is qualified as an accident reconstruction expert because he has participated in over 7,000 accident reconstructions, including over 1,500 in his

role as a member of the Georgia State Patrol's specialized reconstruction team, and has testified in over 400 cases. (ECF No. 231 at PageID 6920.) The plaintiffs argue that Kidd provided sufficient information about what inputs he used to reach his conclusions. (Id. at PageID 6921.) The plaintiffs insist that Kidd's estimate that the truck was travelling between fifty-two and sixty miles per hour is thoroughly explained in his report and does not suggest his unreliability. (Id. at PageID 6921–22.) Finally, the plaintiffs contend that Kidd's testimony as to the sounds that the driver heard are clearly relevant and necessary because the jury will hear the sounds in the video and his testimony will assist the jury in understanding what they mean. (Id. at PageID 6922.)

Rule 702 of the Federal Rules of Evidence governs the admissibility of expert testimony. The rule states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> >
> > (b) the testimony is based on sufficient facts or data;
> >
> > (c) the testimony is the product of reliable principles and methods; and
> >
> > (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Courts are tasked with gate-keeping the admissibility of expert testimony. <u>Daubert v. Merrell Dow Pharms., Inc.</u>, 509 U.S. 579, 597 (1993). In order to make determinations on admissibility, courts must undertake two inquiries: first, whether the reasoning and methodology underlying the testimony are reliable; and second, whether the reasoning can be properly applied to the facts at hand. <u>Id.</u> at 592-93. To aid with this analysis, the Supreme Court has proposed four factors to consider when analyzing reliability: whether a method has been tested, whether it has been peer reviewed, whether it has a high rate of error, and whether it is generally accepted within the relevant community. <u>Id.</u> at 592-94. The Supreme Court noted that these factors are not a "definitive checklist or test." <u>Id.</u> at 593. Rather, the determination of reliability is a flexible analysis. <u>Id.</u> "The particular factors will depend upon the unique circumstances of the expert testimony at issue." <u>Birge ex rel. Mickens v. Dollar Gen. Corp.</u>, No. 04-2531 B/P, 2006 WL 5175758, at *3 (W.D. Tenn. Sept. 28, 2006).

Although his methodology statement in his report is left rather broad, Kidd explained his applied methodology at length in his deposition. To address the defendants' example, Kidd thoroughly explained that his estimate as to Mr. Greer's vehicle's speed — not the truck's — derived from accurate measures of nearly

- 4 -

all of the variables except speed loss, which is not known but likely falls within a certain range. (ECF No. 231-6 at PageID 7062-63.) The undersigned finds the explanation of Kidd's methodology, including for calculating Mr. Greer's car speed, sufficient and not so unreliable as to serve as grounds for his exclusion.

After reviewing the expert report, Kidd's qualifications, and the law above, the undersigned finds that Kidd is qualified to serve as an expert in accident reconstruction. Finally, his testimony about the sounds made by the truck is unquestionably relevant because it has to do with the truck driver's knowledge about a problem with the vehicle prior to the incident at issue and will serve to assist the jury in understanding what occurred.

Therefore, the motion to exclude Jeffrey Kidd's expert testimony is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date