IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| PATRICK GREER and TRACEY GREER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )   No. 21-cv-2474-MSN-tmp ) |
| WASTE CONNECTIONS OF TENNESSEE, INC., PATRICK E WATT, and JOHN/JANE DOES 1-5, | ) ) ) ) |
| Defendants. | ) ) |

**ORDER DENYING DEFENDANTS' MOTION TO EXCLUDE AND/OR STRIKE THE TESTIMONY AND REPORT OF DR. SUSAN SWINT AND FOR ATTORNEY FEES**

Before the court is the defendants' motion in limine to exclude Dr. Susan Swint and her report from this case. (ECF No. 216.) The plaintiffs filed their response on August 10, 2023. (ECF No. 232.) This motion was referred to the undersigned on August 30, 2023. (ECF No. 250.) After carefully reviewing the entire record, including the expert report, curriculum vitae, and the parties' briefs, the undersigned finds that a hearing is not necessary. For the reasons below, this motion is DENIED.

The defendants argue that Dr. Swint's "Independent Medical Examination" is not independent in violation of the American Medical Association Code of Medical Ethics. (ECF No. 216-1 at PageID 5192.) Because Dr. Swint was involved in Patrick Greer's

treatment, and because she reviewed her own notes in making her assessment, the defendants contend that she was a treating physician and unable to make an independent report in preparation for litigation. (Id. at PageID 5193.) Therefore, they claim that "Dr. Swint's report lacks objectivity and reliability and should be stricken and/or excluded as she has a conflict of interest in generating any independent or comprehensive medical evaluation of Mr. Greer." (Id.) Additionally, the defendants argue that Dr. Swint's alleged connections with retained experts Drs. Snyder and Bigler, her alleged connections to plaintiffs' counsel, and her alleged knowledge of Greer's supposedly questionable medical treatment funding make her unreliable and undermine the accuracy of her reports. (Id. at PageID 5194-97.) The defendants attached an affidavit of an apparent medical ethicist to support their motion. (ECF No. 216-2.) The defendants make no mention of attorney fees outside of the title of their motion.

The plaintiffs counter that the defendants' argument is semantic, because if Dr. Swint made no change aside from relabeling her report a "comprehensive medical examination," there would be no ethical issue. (ECF No. 232 at PageID 7791-92.) They argue that Dr. Swint was a treating physician and is therefore qualified to render opinions as to her diagnosis and treatment related to Mr. Greer's alleged traumatic brain injury. (Id. at PageID 7788-89.) However, because Dr. Swint provided an expert report, the

plaintiffs insist that she can also "render opinions based on her care and on matters learned in anticipation of or during litigation." (Id. at PageID 7790.) They argue that, because the medical ethicist was not disclosed prior to the May 5, 2023 deadline, his inclusion violates Rule 26. (Id. at PageID 7792-93.) Finally, the plaintiffs argue that the defendants' claims about Dr. Swint's alleged conflicts of interest can be raised in her cross-examination but are not sufficient grounds to exclude her testimony and report altogether. (Id. at PageID 7793-94.)

The defendants here conflate grounds for impeachment with grounds for exclusion. They quote Johnson v. Manitowoc Boom Trucks, Inc. for the assertion that "expert testimony prepared solely for purposes of litigation, as opposed to testimony flowing naturally from an expert's line of scientific research or technical work, should be viewed with some caution." 484 F.3d 426, 434 (6th Cir. 2007). This is, indeed, a factor that can be considered in determining whether an expert is qualified. See id.; Turpin v. Merrell Dow Pharmaceuticals, Inc., 959 F.2d 1349, 1352 (6th Cir. 1992). But, unlike the purported experts in the cases the defendants cite, Dr. Swint is not attempting to introduce questionable methodologies or unsubstantiated knowledge; rather she is being proffered to explain her opinions about Mr. Greer's diagnosed traumatic brain injury, formed in the course of treatment, as well as a few matters she learned for the purposes

of litigation. The plaintiffs are correct that Dr. Swint has been properly designated as both a treating physician and a forensic expert, and her report complies with Rule 26. The defendants' remaining allegations go to Dr. Swint's credibility, not her qualifications. Finally, the defendants' purported medical ethicist was not properly introduced under Rule 26, and therefore the defendants are precluded from introducing him or his affidavit in this case.

For the reasons stated above, the defendants' motion is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date