```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        WESTERN DIVISION
```

| | |
|---|---|
| PATRICK GREER and ) | |
| TRACEY GREER, ) | |
| ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | No. 21-cv-2474-MSN-tmp |
| ) | |
| WASTE CONNECTIONS OF TENNESSEE, ) | |
| INC., PATRICK E WATT, and ) | |
| JOHN/JANE DOES 1–5, ) | |
| ) | |
|     Defendants. ) | |

**ORDER DENYING ITEM NO. 3 OF PLAINTIFFS' MOTION IN LIMINE**

Before the court is plaintiffs Patrick Greer and Tracey Greer's Motion in Limine that contains several items for the court's consideration. (ECF No. 188.) The defendants filed their response on August 4, 2023. (ECF No. 230.) Item Nos. 3, 4, 5, 6, and 8 were referred to the undersigned. (ECF No. 249.) The undersigned will consider Item No. 3 in this order, and for the reasons stated below, the motion is DENIED.

In Item No. 3, the plaintiffs request that the court order that neither Dr. Katz[1] nor any expert may testify at trial in reliance upon any opinion or diagnosis in Dr. Jack Spector's report. (ECF No. 188 at PageID 3431.) The plaintiffs are concerned

---

[1]The plaintiffs have separately asked the court to exclude Dr. Katz's testimony in Item No. 4. (ECF No. 188 at PageID 3433-3436.)

that Dr. Katz's deposition testimony revealed a misunderstanding of the order and how his testimony at trial may be impacted by that misunderstanding. They acknowledge that the court has previously entered an order to that effect. (Id.; ECF No. 170.) The court previously ordered as follows:

> Plaintiffs' motion to preclude other witnesses from testifying to Dr. Spector's opinions is also GRANTED. Defendants claim that such a ruling is premature, but the court cannot see any circumstances where Dr. Spector's opinions or his report would be admissible at trial based on the fact that he no longer will be an expert witness. While other experts are not necessarily precluded from testifying regarding the same *underlying data* relied upon by Dr. Spector, they may not testify to his *opinions* or the *contents of his report*. Neither Dr. Spector's report nor his testimony shall be admissible at trial.

(ECF No. 170 at p. 5.)

The undersigned finds that the order in place sufficiently establishes the permissible scope of Dr. Spector's report. Accordingly, the plaintiffs' motion as to Item No. 3 is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date
