**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

| | | |
|---|---|---|
| **PATRICK GREER and** | ) | |
| **TRACEY GREER,** | ) | |
| | ) | |
|     **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **No. 21-cv-2474-MSN-tmp** |
| | ) | |
| **WASTE CONNECTIONS OF TENNESSEE,** | ) | |
| **INC., PATRICK E WATT, and** | ) | |
| **JOHN/JANE DOES 1-5,** | ) | |
| | ) | |
|     **Defendants.** | ) | |

---

**ORDER DENYING ITEM NO. 8 OF PLAINTIFFS' MOTION IN LIMINE**

---

Before the court is plaintiffs Patrick Greer and Tracey Greer's Motion in Limine that contains several items for the court's consideration. (ECF No. 188.) The defendants filed their response on August 4, 2023. (ECF No. 230.) Item Nos. 3, 4, 5, 6, and 8 were referred to the undersigned. (ECF No. 249.) The undersigned will consider Item No. 8 in this order, and for the reasons stated below, the motion is DENIED.

In Item No. 8, the plaintiffs request that the court exclude the testimony of any employee of Waste Connections of Tennessee, Inc. ("Waste Connections") to the extent their testimony contradicts the testimony of its corporate representative. (ECF No. 188 at PageID 6891.) "Under Rule 30(b)(6), a corporation 'has an affirmative duty to make available such number of persons as

will be able to give complete, knowledgeable and binding answers on its behalf.'" Convertino v. U.S. Dep't of Just., No. 07-13842, 2013 WL 153311, at *4 (E.D. Mich. Jan. 15, 2013) (quoting Reilly v. Natwest Mkts. Grp., Inc., 181 F.3d 253, 268 (2d Cir. 1999)). However, the Rule does not "absolutely bind[] a corporate party to its designee's recollection." A.I. Credit Corp. v. Legion Ins. Co., 265 F.3d 630, 637 (7th Cir. 2001). Instead, the deposition binds the 30(b)(6) deponent as a representative of the party.

It is true that a corporation is bound by its Rule 30(b)(6) testimony, in the same sense that any individual deposed under Rule 30(b)(1) would be bound by his or her testimony. All this means is that the witness has committed to a position at a particular point in time. It does not mean that the witness has made a judicial admission that formally and finally decides an issue. Evidence may be explained or contradicted. Judicial admissions, on the other hand, may not be contradicted. Sea Trade Co. Ltd. v. FleetBoston Fin. Corp., No. 03 CIV. 10254 (JFK), 2008 WL 4129620, at *21 (S.D.N.Y. Sept. 4, 2008); see also Erickson v. Microaire Surgical Instruments LLC, No. C08-5745BHS, 2010 WL 1881942, at *2 (W.D. Wash. May 6, 2010) ("The testimony of a Rule 30(b)(6) representative, although admissible against the party that designates the representative, is not a judicial admission absolutely binding on that party."); Indus. Hard Chrome, Ltd. v. Hetran, Inc., 92 F. Supp. 2d 786, 791 (N.D. Ill. 2000) (Rule

30(b)(6) "testimony is not a judicial admission that ultimately decides an issue. The testimony given at a Rule 30(b)(6) deposition is evidence which, like any other deposition testimony, can be contradicted and used for impeachment purposes.").

Based on the case law discussed above, the undersigned concludes that the testimony of other employees from Waste Connections should not be excluded even if they may contradict the testimony of the corporate representative. Instead, these discrepancies may be raised at trial during the witness's testimony. Therefore, the plaintiffs' motion as to Item No. 8 is DENIED.

IT IS SO ORDERED.

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

November 21, 2023
Date